UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

KEITH COLEMAN, *et al.*,

            Plaintiffs,

   v.

CHASE BANK, *et al.*,

            Defendants.

Civil Action No. 3:14-CV-101

## MEMORANDUM OPINION

THIS MATTER is before the Court on a Motion to Dismiss (ECF No. 2) filed by Defendants JPMorgan Chase Bank, N.A., and Jamie Dimon (collectively, "Chase Bank").[1] On January 15, 2014, *pro se* Plaintiffs Keith Coleman and Horace T. Harris filed a Complaint apparently alleging breach of contract, fraud, and trespass arising from Chase Bank's attempt to foreclose on Plaintiff's mortgaged property. A hearing was held on May 29, 2014, and the matter is now ripe for review. For the reasons that follow, the Motion to Dismiss will be GRANTED.

### I.   BACKGROUND

In their Complaint, Plaintiffs admit to signing a note in exchange for a loan of money ("Note"). The Note and accompanying deed of trust ("Deed of Trust") secured real property located at 6655 St. Pauls Road, King George, Virginia 22485 ("Property"). Plaintiffs received notice of default on the Note. However, the Complaint does not allege that the property was foreclosed upon, and no supporting documentation as to the Note, the Deed of Trust, or the notice of default is attached to the Complaint. The Complaint does, however, rely on approximately 130 pages of exhibits, largely consisting of correspondence Plaintiffs sent to

---

[1] Defendants indicate that JPMorgan Chase Bank, N.A., is improperly named as "Chase Bank" in the Complaint. Dimon is named as the President and CEO of JPMorgan Chase Bank, N.A.

1

Chase Bank. Among these documents is a Qualified Written Request sent pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.* The Qualified Written Request sought extensive information and documentation relating to the Note and Deed of Trust. Most importantly, Plaintiffs allege that Chase Bank failed to provide a "wet signature" copy of the Deed of Trust in response to the Qualified Written Request. Plaintiffs appear to conclude from this failure that Chase Bank lacks authority to enforce the Note.

The Complaint raises various allegations that appear to be related to the underlying contention that Chase Bank does not have authority to foreclose on the Property. First, Plaintiffs allege that they have never entered into a contract with Chase Bank and have not accepted any loan from Chase Bank. Second, Plaintiffs allege that they requested "proof of claim" from Chase Bank, or verification that Chase Bank is the holder of the Note, specifically, in the form of a "wet signature" copy of any assignment of the Note. Plaintiffs allege that Chase Bank failed to provide such documentation, appearing to conclude that Chase Bank's failure constitutes an admission that it has no claim against Plaintiffs and cannot enforce the Note.

The Complaint appears to request injunctive relief (styled a "Request for Mediation") barring Chase Bank from foreclosing on the Property or, alternatively, ordering Chase Bank to provide proof of its right to enforce the Note and to engage in mediation with Plaintiffs. This request appears to be related to the Complaint's ultimate request to Quiet Title. In the alternative, the Complaint requests a jury trial on claims for (1) trespass, apparently arising from Chase Bank's tortious attempt to foreclose on the Property and (2) fraud, arising from Chase Bank's representations to the Circuit Court for King George County, Virginia ("King George Circuit Court"), ostensibly during the process of foreclosing on the Property. Chase Bank interprets the Complaint as additionally attempting to raise a claim for breach of contract. The Complaint's apparent tort and contract claims request treble damages in the amount of $855,000.

Plaintiffs initially filed this action in the King George Circuit Court on January 15, 2014. Chase Bank removed the action to this Court on February 12, 2014 and filed its Motion to Dismiss on February 18, 2014. Plaintiffs failed to timely respond to the Motion to Dismiss, but refused to waive their opportunity for oral argument on the Motion to Dismiss. Accordingly, a hearing was scheduled and held on May 29, 2014. On May 23, 2014, six days before the hearing and more than ten weeks after their response was due, Plaintiffs filed a document with the Court, ostensibly intended as a response to the Motion to Dismiss.[2] Nevertheless, Plaintiffs failed to appear at the hearing.

## II.  LEGAL STANDARD

Rule 12 of the Federal Rules of Civil Procedure allows a defendant to raise a number of defenses to a complaint at the pleading stage, including failure to state a claim. A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a claim, rather than the facts supporting it. Fed. R. Civ. P. 12(b)(6); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A court ruling on a Rule 12(b)(6) motion must accept all of the factual allegations in the complaint as true, *see Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254-55 (W.D. Va. 2001), in addition to any provable facts consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and must view these facts in the light most favorable to the plaintiff, *Christopher v. Harbury*, 536 U.S. 403, 406 (2002).

The Court may consider the complaint, its attachments, and documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). To be "integral" to the complaint, an attached document must be "explicitly relied on," *CACI Int'l, Inc. v. St. Paul Fire*

---

[2] Plaintiffs offered no explanation for the delay in filing their response and did not request an extension of time from the Court. Because Plaintiffs are proceeding without representation, the Court has considered this document—to which Chase Bank offered no objection—in resolving the Motion to Dismiss. However, the contents of Plaintiffs' response do not alter the Court's judgment.

3

*and Marine Ins., Co.*, 566 F.3d 150, 154 (4th Cir. 2009), or must be central to the claim "in the sense that its very existence . . . gives rise to the legal rights asserted," *Fisher v. Md. Dept. of Pub. Safety and Corr. Servs., et al.*, 2010 WL 2732334 (D. Md. July 8, 2010) (quoting *Walker v. S.W.I.F.T. SCRL*, 517 F.Supp.2d 801, 806 (E.D. Va. 2007)) (collecting cases that distinguish between integral and non-integral documents).

To survive a motion to dismiss, a complaint must contain factual allegations sufficient to provide the defendant with "notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8(a)(2) requires the complaint to allege facts showing that the plaintiff's claim is plausible, and these "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 & n.3. The Court need not accept legal conclusions that are presented as factual allegations, *id.* at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### III. DISCUSSION

Construed liberally, the Complaint at most raises a claim for injunctive relief or quiet title and a claim for damages arising from fraud, trespass, and/or breach of contract. Because the Complaint fails to state a claim for any of these causes of action, it fails as a matter of law.

As to a claim for injunctive relief, the Complaint fails to allege sufficient facts to survive a 12(b)(6) motion. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). The Complaint addresses none of these factors and, even liberally construed, cannot be found to warrant injunctive relief. At bottom, the Complaint alleges that Chase Bank has failed to prove that it has authority to enforce the Note; even accepted as true, Chase Bank's failure to prove its authority

does not establish a likelihood that it would not be able to prove its authority to this Court. Similarly, the Complaint's allegation that Chase Bank "never properly served [Plaintiffs] with any notice of a complaint or foreclosure action" is insufficient to warrant injunctive relief where the Complaint fails to allege that a foreclosure actually occurred. (Compl. 3.) Because Plaintiffs cannot show a likelihood of success on the merits, the Court need not address the remaining factors. The Complaint's apparent request for injunctive relief fails as a matter of law.

As to a claim for quiet title, the Complaint is similarly deficient. In Virginia, "[a]n action for quiet title is based on the premise that a person with good title to certain real or personal property should not be subjected to various future claims against the title." *Maine v. Adams,* 672 S.E.2d 862, 866-67 (Va. 2009). "In order to assert a claim for quiet title, the plaintiff must plead that he has fully satisfied all legal obligations to the party in interest." *Bagley v. Wells Fargo Bank, N.A.,* No. 3:12-CV-617, 2013 U.S. Dist. LEXIS 11880, at *24 (E.D. Va. Jan. 29, 2013). In this case, Plaintiffs do not plead that they have satisfied their obligations under the Note and Deed of Trust. To the contrary, the Complaint admits that Plaintiffs received notice of default on the Note. The Complaint's failure to follow this admission with an allegation that no default occurred or that the notice of default was erroneous implies that Plaintiffs likely owe money on the Note. Further, Plaintiff's apparent assertion that Chase Bank's failure to satisfactorily respond to the Qualified Written Request resulted in a legally-binding release of any interest in the Note is specious.[3] Even if the Complaint were construed as stating a viable RESPA claim, remedies under RESPA would be limited to actual damages and attorney's fees, neither of which are pled in the Complaint. *See* 12 U.S.C. § 2605(f) (providing for additional damages only "in the case of a pattern or practice of noncompliance with the requirements of" section 2605). Accordingly, Plaintiff's claim for quiet title fails. *See Pei P'ship Architects, LLP v. Celebrate Va. S., LLC*, No. 3:13-CV-48, 2013 WL 1163463, at *4-5 (E.D. Va. Mar. 19, 2013).

---

[3] Plaintiffs' untimely response to the Motion to Dismiss implies that Chase Bank responded to two communications, asserted to be Qualified Written Requests within the meaning of RESPA, by providing a photocopy of the Deed of Trust. (Pls.' Response ¶¶ 5-8.) Accordingly, it appears that Plaintiffs do not contend that Chase Bank failed to respond entirely, merely that it failed to provide a wet-signature copy of the Note or Deed of Trust.

As to Plaintiffs' damages claims, each fails the requirements of proper pleading and, therefore, dismissal pursuant to Rule 12(b)(6) is appropriate. First, as to the claim for trespass, the law of Virginia requires that Plaintiffs demonstrate they "had possession of the land, either actual or constructive, at the time the trespass was committed" in order to maintain such an action. *Cooper v. Horn*, 448 S.E.2d 403, 406 (Va. 1994) (citing *Blackford v. Rogers*, 23 S.E. 896, 897 (1896)). The Complaint lacks any allegation that a foreclosure occurred, or that Chase Bank's alleged trespass occurred while Plaintiffs were in possession of the Property.

As to the claim for fraud, Virginia requires plaintiffs to "prove by clear and convincing evidence: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Bryant v. Peckinpaugh*, 400 S.E.2d 201, 203 (Va. 1991) (citing *Winn* v. *Aleda Constr. Co.*, 227 Va. 304, 308, 315 S.E.2d 193, 195 (1984)). The Complaint appears to allege that Chase Bank misrepresented that the Mortgage Electronic Registration System ("MERS") was the trustee on the Deed of Trust. The Complaint does not, however, allege that Plaintiffs relied on this representation to their detriment. Further, to meet the heightened standard of clear and convincing evidence, the Complaint must plead with particularity "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (quoting 5 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1297, at 590 (2d ed. 1990)). The facts are simply absent from the Complaint, making dismissal pursuant to Rule 12(b)(6) appropriate.

As to a possible claim for breach of contract claim, the Complaint is similarly deficient. As an initial matter, it is unlikely that the Complaint attempts to state a claim for breach of contract. Rather than alleging the existence of a contract with Chase Bank, Plaintiff repeatedly assert that they never assented to any agreement with Chase Bank, and never exchanged consideration or took a loan from Chase Bank which could be secured by the Property. However,

assuming that Plaintiffs are attempting to allege that Chase Bank breached the terms of the Note, the Complaint lacks any allegation that Chase Bank breached a term of the Note and is devoid of any facts supporting such an allegation. The Note dictates the circumstances in which Plaintiffs would be deemed to be in default, and Plaintiffs concede that they received notice of default. In Virginia, default allows the trustee of a deed of trust to "take possession of the property and proceed to sell the same at auction." Va. Code § 55-59(7). Such a proceeding does not require the trustee to initiate any judicial proceeding, or to prove its entitlement to foreclose to the satisfaction of the court prior to taking possession. As such, the Complaint does not allege a viable claim for breach of contract.

In addition to the foregoing grounds for granting the Motion, Plaintiff's underlying Complaint fails as a matter of law. At bottom, Plaintiffs assert that Chase Bank does not have the authority to enforce the Note or the Deed of Trust through non-judicial foreclosure of the Property. However, JPMorgan Chase Bank, N.A. is documented as the servicer of the Note, and the Complaint fails to provide any plausible allegation to the contrary. (Mem. Supp. Mot. Dismiss Ex. 4.) Additionally, the explicit terms of the Deed of Trust at issue here indicate that the Deed of Trust and the Note for which it provides security are freely transferable. (Mem. Supp. Mot. Dismiss Ex. 3 ("Deed of Trust") ¶20.) Under Virginia law, when a note is negotiated, the deed of trust securing that debt necessarily runs with it. *See Williams v. Gifford*, 124 S.E. 403, 404 (Va. 1924). While Plaintiffs conclusorily assert that Chase Bank is not the "holder in due course" of the security instruments at issue, they provide no facts to support this allegation and no rebuttal to the documents appended to Chase Bank's Motion, which document Chase Bank as the servicer of the Note and Deed of Trust. Accordingly, Plaintiffs have failed to plausibly allege the factual contention apparently underlying each of the Complaint's claims.

//

//

//

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss will be GRANTED. Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

> _____/s/_____
> James R. Spencer
> Senior U. S. District Judge

ENTERED this \_\_5th\_\_\_ day of June 2014.