UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



KEITH COLEMAN, *et al.*,

           Plaintiffs,

v.

CHASE BANK, *et al.*,

           Defendants.

Civil Action No. 3:14-CV-101

## MEMORANDUM OPINION

THIS MATTER is before the Court on *pro se* Plaintiff Horace T. Harris's Motion for Reconsideration ("Motion") (ECF No. 11), which requests that the Court vacate its Memorandum Opinion and Order of June 5, 2014, granting Defendants' motion to dismiss and dismissing the Complaint. Harris appears to request that the Court remand this action to state court, or to consider an objection to venue in this Court. For the reasons that follow, the Motion will be DENIED.

### I. BACKGROUND

Plaintiffs initially filed this action against Defendants JPMorgan Chase Bank, N.A., and Jamie Dimon[1] (collectively, "Chase Bank") in the Circuit Court for King George County, Virginia ("King George Circuit Court") on January 15, 2014. The Complaint appeared to allege breach of contract, fraud, and trespass arising from Chase Bank's foreclosure on Plaintiff's mortgaged property. Chase Bank removed the action to this Court on February 12, 2014 and filed a motion to dismiss on February 18, 2014. Chase Bank indicated that it would waive hearing on this matter; however, because Plaintiffs would not waive oral argument, a hearing was scheduled for May 29, 2014. Plaintiffs did not timely respond to the Motion despite provision of a *Roseboro*

---

[1] Dimon is named as the President and CEO of JPMorgan Chase Bank, N.A.

notice. Instead, Plaintiffs unexpectedly filed a document on May 23, 2014, which the Court construed as a response ("Response"). Despite the untimely nature of Plaintiffs' Response, the Court considered the document in its disposition of the motion to dismiss. By Memorandum Opinion and Order, the Court dismissed the Complaint on June 5, 2014. Thirty-three days later, on July 8, 2014, the Clerk's office received and filed the instant Motion, which was signed by Plaintiff Harris on July 3, 2014.

## II. <u>LEGAL STANDARD</u>

The Federal Rules of Civil Procedure provide two vehicles for a court to reconsider a prior decision. Pursuant to Federal Rule of Civil Procedure 59(e), parties may bring a motion to alter or amend a judgment; pursuant to Federal Rule of Civil Procedure 60, parties may bring a motion for relief from judgment. Fed. R. Civ. P. 59; Fed. R. Civ. P. 60. The Fourth Circuit has interpreted a motion for reconsideration as a motion to alter or amend a judgment pursuant to Rule 59(e) when that motion has been filed within twenty-eight days after entry of judgment. *See Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3d 244, 247 n.4 (4th Cir. 2012); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011). In contrast, because the time to file a Rule 59(e) motion may not be extended, Fed. R. Civ. P. 6(b)(2), a motion for reconsideration filed outside the time period specified for Rule 59(e) motions is properly construed as a Rule 60 motion, *see United States v. Winestock*, 340 F.3d 200, 203 (2003) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)).

Under Rule 59(e), the Fourth Circuit has found that motions to alter or amend judgment may be granted in only three circumstances: in order "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted). Rule 59(e) is intended to allow "a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Id.* (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d

746, 749 (7th Cir. 1995)). A Rule 59(e) motion is "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403.

Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a "final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Rule 60(b) movants first "must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Werner v. Carbo*, 731 F.2d 204, 206-07 (4th Cir. 1984). Next, a Petitioner must satisfy one of Rule 60(b)'s six grounds for relief from judgment. *Id.* at 207. These six grounds for relief include: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Under Rule 60(b)(1) the court is authorized to grant relief for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Relief, however, is inappropriate simply because a litigant is unhappy with the judgment; there must be some showing of why the litigant failed to avoid mistake, inadvertence, surprise, or excusable neglect." *Multi-Channel TV Cable Co. v. Charlottesville Qual. Cable Operating Co.*, No. 94-2569, 1995 U.S. App. LEXIS 16798, at *10 (June 7, 1995) (citing 11 Charles Wright & Arthur Miller, *Federal Practice and Procedure* § 2858, at 170 (West 1973)). "A party that fails to act with diligence will be unable to establish that his conduct constituted excusable neglect pursuant to Rule 60(b)(1)." *See Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 413 (4th Cir. 2010) (citations omitted).

Under Rule 60(b)(4), a district court may relieve a party from a final judgment or order that is void. *See* Fed. R. Civ. P. 60(b)(4). "A judgment is not void merely because it is or may be erroneous." *Baumlin & Ernst, Ltd. v. Gemini, Ltd.*, 637 F.2d 238, 242 (4th Cir. 1980). Instead, a

3

judgment may be vacated as void under Rule 60(b)(4) only if the rendering court lacked personal jurisdiction, subject matter jurisdiction, or acted in a manner inconsistent with due process of law. *See Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005); *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999).

### III. **DISCUSSION**

Because Harris is proceeding *pro se* in this matter, the Court must construe the Motion liberally. *Gordon v. Leeke*, 574 F.2d 1147, 1151-52 (4th Cir. 1978), *cert. denied* 439 U.S. 970. Rule 59(e) requires that a motion to alter or amend judgment be filed within twenty-eight days of entry of judgment. Fed. R. Civ. P. 59(b). In this case, Harris filed the Motion thirty-three days after entry of judgment. As such, the Motion would be untimely under Rule 59(e). The Court, therefore, will properly construe the Motion as a Rule 60 motion. *See Winestock*, 340 F.3d at 203.[2]

Construed as a Rule 60 motion, the Motion can be read, at most, as potentially raising two bases for reconsideration. Specifically, Harris may be attempting to allege that the Court's opinion and order of dismissal should be reconsidered either on the basis of "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), or on the ground that the "judgment is void," Fed. R. Civ. P. 60(b)(4).[3] However, as explained below, because neither of these arguments has merit, the Court will deny the Motion.

Harris's primary assertion in the Motion is that Plaintiffs "have never received" actual or constructive notice of the proceedings before this Court, causing Plaintiffs to have "no idea of

---

[2] Even if the Court could construe the Motion as arising under Rule 59(e), the Motion does not articulate any change in controlling law, newly discovered evidence, or clear error of law or potential manifest injustice. As such, even if Harris had timely filed the Motion pursuant to Rule 59(e), it would lack merit and be denied.

[3] Rule 60 also authorizes reconsideration for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, a motion pursuant to Rule 60(b)(6) cannot be granted "absent 'extraordinary circumstances'" or situations involving undue hardship. *See Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004) (citation omitted). "Rule 60(b)(6) authorizes relief from judgments for any reason justifying relief other than those reasons set forth in Rule 60(b)(1) through (5)," and therefore, is mutually exclusive of the preceding five grounds for reconsideration. *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 897 (4th Cir. 1987), *abrogated on other grounds by Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). For these reasons and because Harris has not raised this argument, the Motion is not properly construed as making a meritorious argument pursuant to Rule 60(b)(6).

the case status" before this Court. (Pl.'s Mem. Supp. Mot. Reconsideration ¶¶ 1-2.) Harris also represents that Plaintiffs filed an "objection to the transfer of the case due to the hardship of attending any hearings in Richmond, VA." (*Id.* ¶ 3.) Harris may be referring to an objection filed with the King George Circuit Court; however, no such objection was filed in this action.

Construing the Motion very broadly, Harris may be attempting to argue that Plaintiffs' failure to successfully oppose Defendants' motion to dismiss resulted from "mistake, inadvertence, surprise, or excusable neglect" arising from lack of notice that the case had been removed and was proceeding before, and could potentially be dismissed by, this Court. However, Harris's conclusory argument is undercut by the record in at least three ways. First, upon filing the motion to dismiss, Defendants gave Plaintiffs notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). This notice specifically informed Plaintiffs that they could file a response within twenty-one days and that failure to file a response could lead to dismissal of the Complaint. Second, Defendants represented in the Notice of Waiver of Oral Argument that they contacted Plaintiffs to discuss the scheduling of oral argument. In that document, Defendants represent that Plaintiffs refused to waive oral argument on the motion to dismiss and that Defendants contacted Plaintiffs to schedule a date for oral argument before this Court. Harris does not deny any of these representations beyond the conclusory assertions in the Motion. Third, Plaintiffs filed a document on May 23, 2014, six days before the scheduled hearing on Defendants' motion to dismiss, that the Court construed as a Response to the motion to dismiss.[4]

Based on the record itself, Plaintiffs cannot successfully argue that the Complaint was dismissed as a result of surprise or excusable neglect.[5] Plaintiffs had notice that a motion to

---

[4] This document is titled, "Plaintiff's Challenge to Defendant's [sic] Standing and Capacity, and Request for Determination of Court Standing and Subject Matter Jurisdiction." (Pls.' Response 1.) However, the document was construed as a response to the motion to dismiss because it appeared to make substantive arguments regarding Defendants' alleged inability to enforce a mortgage note against Plaintiffs.

[5] Although Harris does not appear to allege that the Court made any legal error in dismissing the complaint, such a claim would fail. "[T]he Court will not hear Rule 60(b)(1) motions alleging an error of law beyond the expiration of

dismiss was pending before the court, that a hearing was scheduled in the matter, and that failure to respond to the motion could result in dismissal of the Complaint. Plaintiffs did not contact the Court or file any document indicating that appearing at the hearing would constitute a hardship. Harris offers no rebuttal to the evidence of notice in the record and offers no explanation for why Plaintiffs failed to avoid any possible surprise or excusable neglect. *See Multi-Channel*, 1995 U.S. App. LEXIS 16798, at *10; *compare id., with Strader v. Hall*, No. 74-2025, 1975 U.S. App. LEXIS 14616, at *6-7 (4th Cir. 1975) (reversing denial of reconsideration where a *pro se* party explained that he never received notice as a result of successive prison transfers). Accordingly, Rule 60(b)(1) does not provide a ground on which to Court may reconsider its Order of June 5, 2014.

There is a possibility that the document construed as Plaintiff's Response (ECF No. 7) was actually intended as a motion for remand or a challenge to the Court's subject matter jurisdiction. Although the body of the Response largely makes substantive arguments in support of Plaintiff's Complaint, the Response is titled "Plaintiff's Challenge to Defendant's [sic] Standing and Capacity, and Request for Determination of Court Standing and Subject Matter Jurisdiction." At one point it alleges that "the Court's Jurisdiction on the Subject Matter warrants further examination by challenge." (Response ¶ 13.) In the Motion for Reconsideration, Harris moves the Court to allow "the motion/objection to the removal of the case to Richmond to be addressed." Arguably, therefore, Plaintiff's intended the Response as an independent motion for remand to the King George Circuit Court.

However, even if the Response had been so construed, it was untimely and lacks merit. A case originating in state court may be removed to federal court if the district court has subject-matter jurisdiction on the basis of the existence of a federal question or diversity. 28 U.S.C. §§

---

the time for appeal." *Moeller v. D'Arrigo*, 163 F.R.D. 489, 493 (E.D. Va. 1995); *cf. Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (emphasizing that "a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal") (citation omitted). Plaintiffs had thirty days in which to file a notice of appeal, *see* Fed. R. App. P. 4(a)(1)(A), but failed to file their Motion for Reconsideration until thirty-three days after the Court dismissed the Complaint.

1331, 1332, 1441(a). A plaintiff may move to remand the case back to state court. *See* 28 U.S.C. § 1447. For any defect in removal other than subject matter jurisdiction, the plaintiff must file a motion for remand within thirty days after notice of removal is filed in the district court. *Id.* § 1447(c). However, a defect in the district court's subject matter jurisdiction may be raised at any time before final judgment. *Id.* If there is any doubt as to the district court's jurisdiction, the case should be remanded to state court. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).

To the extent that the Response was intended to seek remand on grounds other than subject matter jurisdiction, it was untimely. Defendants filed notice of removal in this Court on February 12, 2014. Plaintiffs were therefore required to file a motion for remand on or before March 14, 2014, unless they sought remand on the basis of lack of subject matter jurisdiction. The Response, however, was not filed until May 23, 2014.

To the extent that the Response was intended to seek remand on the basis of subject matter jurisdiction, it lacks merit. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332. The citizenship of each plaintiff must be different from the citizenship of each defendant. *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999). In this case, there is no indication that the parties are not diverse. Plaintiffs are both residents and citizens of Virginia, Defendant Dimon is a resident and citizen of New York, and Defendant JPMorgan Chase Bank, N.A. is a citizen of Ohio because it is headquartered there. Accordingly, there is complete diversity of the parties.

The amount in controversy is "measured by the value of the object of the litigation." *Hunt v. Wash. Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). "Ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith." *Wiggins v. N. Am. Equitable Life Assur. Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981). Plaintiffs sought damages in the amount of $855,000, well above the statutory minimum amount in controversy of $75,000. Because there are no facts in the record to indicate that

Plaintiff's demand was not made in good faith, the amount in controversy requirement is satisfied.

Because there is complete diversity of the parties and the amount in controversy requirement is satisfied, this Court has diversity subject matter jurisdiction over this case. Accordingly, if Plaintiffs intended the Response as a motion to remand this action to the King George Circuit Court, it lacked merit. For the same reason, if Harris intended the Motion to argue that the Court's Order of Dismissal is void for lack of subject matter jurisdiction, it lacks merit. *See* Fed. R. Civ. P. 60(b)(4).

Accordingly, the Motion does not successfully raise any ground upon which the Court could vacate its Order of June 5, 2014, and reconsider Defendants' motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, the Motion will be DENIED. Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

/s/
James R. Spencer
Senior U. S. District Judge

ENTERED this __18th__ day of August 2014.